Affirmed and Memorandum Opinion filed August 25, 2005









Affirmed and Memorandum Opinion filed August 25, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00099-CV

_______________

 

RONALD X. GORDON, Appellant

 

V.

 

JAMES ALBRO, MILDRED JONES,
CORNELL GODSEY, 

LOU ALICE GODSEY, EMIL WOODS, JR., and MYRTLE B.
WOODS, 

Appellees

_______________________________________________________________________

 

On Appeal from the County Court at Law
No. 1

Fort Bend County, Texas

Trial Court Cause No. 16705

_______________________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Ronald
X. Gordon appeals an order declaring heirship on various grounds.  We affirm.








Ronald
is the only son of Burton Gordon and the great nephew of Quinn E. Gordon,
Burton=s uncle, both deceased.  Quinn=s will was probated in Wharton County
in 1981.  Burton died intestate in 1988,
and no administration was held regarding his estate.  Ronald thereafter filed this proceeding to determine
the heirship of Burton, seeking, as relevant to this appeal, to: (1) have the
order issued in Quinn=s Wharton County probate proceeding (the Aprobate order@) declared void; and (2) be awarded
title to, and possession of, a tract of land (the Atract@) located in Fort Bend County that
had been part of Quinn=s estate.  Following a
bench trial, the trial court=s order instead recited the respective ownership interests in
the tract that were reflected in the probate order and subsequent property
records.

The Probate Order

Ronald=s first three and sixth issues
contend that the trial court erred in relying on the probate order and ruling
in appellees= favor because the probate order is
void,[1]
and the appellees wrongfully Asecured execution@ of the fraudulently obtained probate
order by filing it in the real property records of Fort Bend County.

The
purpose and scope of an heirship proceeding is to determine the heirs of, and respective
shares of each in, the estate of a decedent owning property in Texas: (1) who
dies intestate; (2) whose will is probated but property has been omitted from
the administration; or (3) whose will is not admitted to probate or the probate
proceeding is not completed.  See Tex. Prob. Code Ann. ' 48(a) (Vernon 2003); Cogley v.
Welch, 34 S.W.2d 849, 852-53 (Tex. Comm=n App. 1931).  Ronald has cited no authority suggesting that
a county court is authorized in an heirship proceeding to: (1) declare a final
judgment issued in a probate proceeding in another court void or fraudulently
obtained; or (2) make an heirship determination that disregards, contradicts,
or overturns a final probate judgment of another court.[2]  Therefore, Ronald=s first three and sixth issues fail
to show that the trial court erred by relying on the probate order or otherwise
ruling in appellees favor and are overruled.








Ronald=s fourth issue contends that the trial
court erred in granting judgment in favor of Cornell and Lou Alice Godsey and
Emil and Myrtle B. Woods because they failed to respond to the citation,
appear, or submit pleadings to support a judgment in their favor. However,
because we can find no portion of the record at which Ronald raised this
complaint in the trial court, it presents nothing for our review[3]
and is overruled.

Ronald=s fifth issue asserts that the trial
court erroneously denied him an ownership interest in the entire tract because
the appellees executed a deed (the Adeed@) conveying a partitioned one acre of
the tract to Burton seven months after his death, which the law does not
recognize.  However, Ronald cites no
authority, other than the ALaw of common sense,@ to support his contention that the
law does not recognize such a deed; and he provides no authority or reasoning
to explain how he would become entitled to an interest in the entire tract even
if the law does not recognize such a deed.[4]  Because Ronald=s fifth issue thus affords no basis
for relief, it is overruled.

Ronald=s seventh issue argues that the trial
court erred by denying his motion to disqualify and sanction opposing counsel,
Charles Slone, because Slone: (1) participated in giving the deed to Burton
after his death; (2) knew he might be a material witness in this case; and (3)
participated in the scheme to file the fraudulently obtained probate order in
the deed records of Fort Bend County.








The
fact that a lawyer serves as both an advocate and a witness in a case does not
in itself compel disqualification.  In
re Sanders, 153 S.W.3d 54, 57 (Tex. 2004). 
Rather, disqualification is only appropriate if the lawyer=s testimony is necessary to establish
an essential fact, i.e., a fact that could not be established with other
sources.  Id.  Therefore, the party requesting
disqualification must demonstrate that the opposing lawyer=s dual roles as attorney and witness
will cause the party actual prejudice.  Id.  Such prejudice can occur if a fact finder is
confused as to whether a statement by an advocate-witness should be taken as
proof or an analysis of the proof and an opposing party is thereby handicapped
in challenging the credibility of the testifying attorney.  See Anderson Producing Inc. v. Koch Oil
Co., 929 S.W.2d 416, 422 (Tex. 1996).

In
this case, Ronald does not identify any essential fact that Slone=s testimony was even capable of
proving, let alone necessary to prove. 
Moreover, Ronald does not demonstrate how he was prejudiced by Slone
acting as both a witness and advocate, particularly in that the case was tried
to the court rather than a jury.  Under
these circumstances, Ronald=s seventh issue is without merit.  Accordingly, it is overruled, and the
judgment of the trial court is affirmed.[5]

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed August 25, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

 

 











[1]           In
particular, Ronald asserts that appellees misrepresented to the Wharton County
court that: (1) Quinn died in Wharton County when he actually died in Harris
County; (2) the tract was located in Wharton County when it was actually
located in Fort Bend County; (3) Quinn resided in Wharton County when his
residence was actually in Fort Bend County; and (4) the real estate Quinn owned
was valued at $5,000 when its actual value was $22,300.  Ronald also claims that, because Quinn=s will was not probated in Fort Bend County within
four years of his death, as required by law, Quinn died intestate and Ronald
should inherit Quinn=s estate as his sole heir through descent and
distribution.





[2]           See
Tex. R. App. P. 38.1(h)
(requiring an appellant=s brief to include citations to authority supporting
its arguments).





[3]           See
id. 33.1(a).





[4]           See
id. 38.1(h).





[5]           The
parties= various pending motions to take judicial notice of
evidence and for sanctions and dismissal are overruled.